IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

SID RILEY AND DOTTIE SUE RILEY                                  CLAIMANTS

CASE NO.: 4.07-CV00000505 GTE

v.                                    AAA Matter Number 71 148 E 00217 06

CHASE BANK USA, N.A.
RESPONDENTS

<u>JUDGMENT</u>

On this 5th day of September, 2007, this cause of action having been submitted to

this Court upon motion of plaintiff Chase Bank USA, N.A. ("Chase") for confirmation of

an arbitration award and its accompanying exhibits, this Court finds:

1.      Defendants Sid Riley and Dottie Sue Riley opened a credit card account

(the "Account") with FCC National Bank in or about September 1994.  The Account was

purchased by First USA Bank, N.A., the predecessor in interest to Chase.

2.      The Account was governed at all times by a card member agreement

("CMA") and a change in terms notice ("CIT").  Pursuant to the CMA and the CIT,

disputes between Chase and the Rileys were to be resolved through binding arbitration.

3.      On or about March 30, 2006, the Rileys filed an Arbitration Claim with

the American Arbitration Association ("AAA") against Chase.  The Riley's Arbitration

Claim alleged violations of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §§ 1666-

1666j, and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f.

4.      In October 2006, pursuant to the rules of the AAA, Arbitrator David M.

Fuqua issued a Stipulated Award that dismissed, with prejudice, all of the claims asserted

in the Rileys' Arbitration Claim.  A copy of this award is attached hereto as Exhibit A.

The Award stated that the Rileys remained fully obligated to Chase for the balance on the credit card account related to the Rileys' Arbitration Claim, as reflected in Chase's records.  This obligation includes, but is not limited to, all finance charges, interest and other fees which previously accrued on the Account.

5. Pursuant to Rules 54 and 58 of the Federal Rules of Civil Procedure and §§ 9 and 13 of the Federal Arbitration Act ("FAA"), Chase moved this Court to enter a final judgment by confirming the Stipulated Award.

6. As required by 9 U.S.C. § 9, Sid Riley and Dottie Sue Riley were served with notice of the motion for confirmation of the Stipulated Award.  Copies of the motion were sent to the Rileys by certified mail, and each accepted the documents and executed a return receipt on May 19, 2007.  Such service is proper under Rule 4 of the Federal Rules of Civil Procedure.

7. This Court has jurisdiction over the motion to confirm the arbitration award pursuant to 9 U.S.C. § 9, because the Stipulated Award was made in this district.  Venue is proper because the Rileys are residents of the district in which the award was made.

IT IS, THEREFORE, CONSIDERED ORDERED AND ADJUDGED that Chase's motion to adopt the Stipulated Award is granted, and the Stipulated Award is confirmed by the Court as a final judgment.

 /s/ Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE

Date: September 5, 2007

Prepared by:

WRIGHT, LINDSEY & JENNINGS LLP

200 West Capitol Avenue, Suite 2200
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX:  (501) 376-9442
E-MAIL: ccoleman@wlj.com


By /s/ Charles T. Coleman
        Charles T. Coleman (80030)
        Attorneys for Chase Bank USA, N.A.




## IN ARBITRATION BEFORE
## THE AMERICAN ARBITRATION ASSOCIATION

In Re

SID AND DOTTIE SUE RILEY,

Claimants,

v.

CHASE BANK USA, N.A.,

Respondent.

AAA Matter Number: 71 148 E 00217 06

### STIPULATED AWARD

David M. Foqua, the undersigned arbitrator, having been designated in accordance with the arbitration agreement entered into by the above-named parties, AWARDS as follows in full settlement of all claims submitted to arbitration in Claimants' Notice of and Demand for Arbitration and Summary of Claim attached hereto collectively as Exhibit "A":

1.    CLAIMANTS take NOTHING, and all claims asserted in Claimants' Notice of and Demand for Arbitration and Summary of Claim are DISMISSED WITH PREJUDICE; and

2.    This Stipulated Award resolves only those claims between the parties related to and/or arising from the Truth in Lending Act and/or Fair Credit Billing Act as to the credit card account(s) in question in this action, including the claims raised herein by Claimants as well as any claims Respondent may have had against Claimants for bringing such claims in this action, provided, further, that Claimants remain fully obligated to Respondent for the balance(s) on the credit card account(s) related to this action which Claimants have or had with Respondent, as such account balance(s) are reflected in Respondent's records, including (but not limited to) all finance charges, interest and/or other fees which previously accrued on the account(s). This

Feb. 26. 2007 2:42PM AMERICAN ARBITRATION ASSOC. No.3380 P. 4/13
Case 4:07-cv-00505-GTE Document 3 Filed 09/05/07 Page 5 of 15 3/13
Case 4:07-cv-00505-GTE Document 1 Filed 05/18/2007 Page 18 of 28
10/12/2006 01:34 7756375... DUANE LIGHT PAGE 03/04

Stipulated Award does not and shall not be construed to affect or diminish Claimants' obligation to repay Respondent for such account(s) in any fashion or manner.

### Administrative Fees

The administrative fees and expenses of the American Arbitration Association (the "Association") totaling $ 950.00 and the compensation and expenses of the arbitrator totaling $ 750.00 shall be borne as incurred and deducted from amounts previously advanced to the Association.


David M. Fuqua, Arbitrator


APPROVED:

LAW OFFICE OF DUANE LIGHT


Duane Light

Attorney for Claimants Sid and Dottie Sue Riley
560 Dogwood Way
Ashland, Oregon 97520
Telephone:  (541) 316-1606
Facsimile:  (775) 637-5707

2

Feb. 26. 2007 2:40PM cv-00505-CTE FEBITRATION SVCS. Filed 09/05/07 Page 6 of 15 4/13
Case 4:07-cv-00505-CTE    Document 1    Filed 05/18/2007    Page 19 of 28
10/12/2006  01:34  7756376767          DUANE LIGHT              PAGE  04/04

JOHNSTON BARTON PROCTOR & POWELL LLP

_[signature]_

Lee M. Pope

One of the Attorneys for Respondent
CHASE BANK USA, N.A.

JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2618
Telephone:  (205) 458-9400
Facsimile:  (205) 458-9500

    OF COUNSEL

3

# EXHIBIT A

Case 4:07-cv-00505-GTE   Document 3   Filed 09/05/07   Page 8 of 15   6/13
Feb. 26. 2007  4:47PM  Case 4:07-cv-00505-GTE   Document 1   Filed 05/18/2007   Page 21 of 28

Apr 10 20...  3:14   P.04

## Before the American Arbitration Association

| Claimant: | File No: (To be assigned) |
|---|---|
|    SID AND DOTTIE SUE RILEY | |
| Respondent: | |
|    CHASE | Summary of Claim |

Claimant had an open-ended credit account with Respondent ("the BANK"), Account number 4366 1730 0068 7678. Claimant discovered that many financial institutions commonly fail to provide legally-required disclosures to their customers. Claimant mailed to Respondent a notice of billing error on January 12, 2005, following the guidelines provided by the Fair Credit Billing Act ("FCBA"), specifically 12 C.F.R. § 226.13 and 15 U.S.C. § 1666. The billing error notices disputed the accuracy of specific charges which first appeared on claimant's most recent statements and were received by the creditor within sixty days of the transmittal of the disputed statement. The notice of billing error requested copies of the Cardholder Agreement and other disclosures, explanations, and information. Claimant exercised the right under 12 CFR 226.12(d)(1) to withhold payment of disputed amounts. The disputed amounts were the finance charge from the most recent statement(s), and the accuracy of the minimum payment and total payment due. The BANK failed to respond to Claimant's document and information requests as required by the FCBA, violating mandatory customer communication requirements, as well as adding violations for taking adverse collection and reporting actions, as outlined below.

Under 15 U.S.C. § 1666(a), a creditor has several initial duties once it receives a customer's billing error notice:

    a.    *Acknowledge receipt or take appropriate correction or response actions* within 30 days of receipt of the customer's notice. 1666(a)(3)(A) and 226.13(c)(1); and

    b.    Within two billing cycles, and *prior to taking any collection action,* either:

        (1)    *make appropriate corrections,* 1666(a)(B)(i), or:

        (2)    *conduct a reasonable investigation,* 1666(a)(3)(B)(ii) and 226.13(f);

        (3)    *send a written explanation or clarification* stating why the creditor believes the billing was correct, 1666(a)(3)(B)(ii) and 226.13(f)(1); *and*

        (4)    *provide documents* if requested. 1666(a)(3)(B)(ii) and 226.13(f)(2).

Feb. 26. 2007 4:12PM  US DISTRICT COURT  Case 4:07-cv-00505-GTE  Document 3  Filed 09/05/07  Page 9 of 15  7/13
Case 4:07-cv-00505-GTE  Document 1  Filed 05/18/2007  Page 22 of 28
Apr 10 201  16:15  P. 05

Until the BANK complies with the above requirements, the BANK *must*:

a.　*Refrain from closing* the account solely because of obligor's failure to pay a disputed amount. 1666(d) and 226.13(d)(1)(fn 30).

b.　*Refrain from restricting* the account solely because of obligor's failure to pay a disputed amount. 1666(d) and 226.13(d)(1)(fn 30). (Certain restrictions, such as charging a finance charge on a disputed amount, are allowed, but only if the creditor makes the appropriate disclosure. See 226.13(d)(1)(fn 30) and Staff Commentary thereto.)

c.　*Refrain from making direct or indirect threats* to report the account adversely. 1666a(a) and 226.13(d)(2).

d.　*Refrain from reporting the account as delinquent* until the creditor meets the above requirements of 1666(a)(3)(B)(ii) (reasonable investigation), 1666a(a) (written explanation or clarification), and 226.13(f)(2);

e.　After receiving a further notice that an amount is still in dispute; *refrain from reporting adverse information* about obligor's account for failure to pay a disputed amount prior to responding properly *without also reporting the account as "in dispute."* 1666a(b) and 226.13(g)(4)(i); and

f.　After receiving a further notice that an amount is still in dispute; refrain from reporting adverse information about obligor's account for failure to pay a disputed amount prior to responding properly without at the same time *notifying the obligor of the name and address of each third party reported to.* 1666a(b) and 226.13(g)(4)(ii).

The BANK violated several of the above provisions multiple times, and is liable to Claimant for a per-violation award of $1,000.00, attorneys fees, and other statutory remedies under 15 U.S.C. § 1640.

Dated: ___3-30-06___

DUANE LIGHT, Esq.
Attorney for Dottie Sue and Sid Riley

Case 4:07-cv-00505-GTE   Document 3   Filed 09/05/07   Page 10 of 15
Feb. 26. 2003 4:42PM   AMERICAN ARBITRATION ASSOC.                    No. 9490   P. 8/13
       Case 4:07-cv-00505-GTE   Document 1   Filed 05/18/2007   Page 23 of 28
                                   Apr 10 20__   __:15          P.06

# Cardmember Agreement

The page body consists of two columns of dense, heavily degraded text that is largely illegible.

Cardmember Agreement (cont.)

[illegible]

GOVERNING LAW. THIS AGREEMENT AND YOUR ACCOUNT WILL BE GOVERNED BY THE LAW OF THE STATE OF DELAWARE AND, AS APPLICABLE, FEDERAL LAW.

## YOUR BILLING RIGHTS

Keep This Notice For Future Use

[illegible]

**Before the American Arbitration Association**

| Claimant: | File No: (To be assigned) |
|---|---|
| DOTTIE SUE AND SID RILEY | |
| Respondent: | Notice of and Demand for Arbitration |
| CHASE | |

To the respondent, CHASE:

AN ARBITRATION CLAIM HAS BEEN FILED AGAINST YOU BY:

DOTTIE SUE AND SID RILEY

A copy of the claim is accompanying. Respond to this claim by sending two copies of your response to Judicial Arbitration and Mediation Service and one copy of your response to the claimant's representative:

DUANE LIGHT, Esq.
160 Deborah Drive
Talent, OR 97540
Telephone: 541-316-1606
Fax: 775-637-5707
Email: dlight777@yahoo.com

A copy of the rules of procedure for American Arbitration Association may be obtained from:

American Arbitration Association
1750 Two Galleria Tower, 13455 Noel Road
Dallas, TX 75240-6636

This is a consumer arbitration as defined by California Rules of Court Ethics Standards for Neutral Arbitrators, Standard 2(d) and (e).

Feb. 26. 2007  2:44PM  Case 4:07-cv-00505-GTE  Document 3  Filed 09/05/07  Page 14 of 15  12/13
Case 4:07-cv-00505-GTE  Document 1  Filed 05/18/2007  Page 27 of 28
APr 10 20...  ...3:16  P.10

## Before the American Arbitration Association

| Claimant:<br>SID AND DOTTIE SUE RILEY | File No: (To be assigned) |
|---|---|
| Respondent:<br>CHASE | **Arbitration Claim Cover Sheet** |

Claimant's representative:

     DUANE LIGHT, Esq,
     160 Deborah Drive
     Talent, OR 97540
     Telephone: 541-316-1606
     Fax: 775-637-5707
     Email: dlight777@yahoo.com

The claimant will accept service via the above representative.

Respondent:

     Chase
     201 N. Walnut St., DE-1-1024
     Wilmington, DE 19801-2920

Amount claimed: less than $71,000.00, plus costs and attorneys fees as ordered.
Filing Fee: $375.
Preferred Venue: Claimants County, Arkansas

This is a consumer arbitration as defined by California Rules of Court Ethics Standards for Neutral Arbitrators, Standard 2(d) and (e).

Before the American Arbitration Association

| Claimant: | File No: (To be assigned) |
|---|---|
| SID AND DOTTIE SUE RILEY | |
| Respondent: | Certificate of Service |
| CHASE | |

I, the undersigned, hereby certify that a true and accurate copy of the following:

Demand for Arbitration and Summary of Claim for
Sid and Dottie Sue Riley
Account Number 4366 1730 0068 7678

were served on the parties listed below via the method listed below at the addresses indicated below on the date indicated.

Chase Bank USA, N.A.
201 N. Walnut St., DE-1-1024
Wilmington, DE 19801-2920

Via: U.S. Priority Mail, certified, return receipt requested

Date: _____


_____
Jude/Anders